STEPHANIE M. HINDS (CABN 154284)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

HILLARY T. IRVIN (MDBN 1712130257)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7181
    Fax: (415) 436-7027
    Hillary.Irvin@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. 3:22-CR-00191-JSC-1 |
| Plaintiff, | UNITED STATES' SENTENCING MEMORANDUM |
| v. | |
| VICENTE ARELLANO-BUENROSTRO, JR., | Sentencing Date: February 15, 2023 |
| Defendant. | |

## I. INTRODUCTION

On November 9, 2022, the defendant Vicente Arellano-Buenrostro Jr. pleaded guilty to Counts 1, 2, 4, 5, 6, 7, 8, 9, and 10 of an Information charging him with violations of 18 U.S.C. § 371 (Count 1); Dealing Firearms Without a License in violation of 18 U.S.C. § 922(a)(1)(A) (Count 2); Possession and Transfer of a Machinegun in violation of 18 U.S.C. § 922(o) (Counts 4-5); and Possession with Intent to Distribute and Distribution of 50 Grams and More of a Mixture and Substance Containing Methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(viii) (Counts 6-10). For this conduct, and including the defendant's criminal history, the United States Probation Office calculated a

guideline sentencing range of 168-210 months. Presentence Investigation Report (PSR) at ¶92. In contemplation of the defendant's characteristics and the offense conduct, the government recommends a below guidelines sentence of 135 months' imprisonment, followed by five years of supervised release.

## II.  OFFENSE CONDUCT

Beginning in early 2021, Drug Enforcement Agency (DEA) agents identified the defendant as a known firearms trafficker. DEA agents learned that the defendant operated a business through Facebook selling firearms and ammunition to numerous individuals, including convicted felons. *Id.* at ¶¶12-20. Beginning in June of 2021, the defendant trafficked dangerous weapons to an undercover law enforcement officer (UC) and instructed him on registering those firearms to evade law enforcement detection. *Id.* During these sales, the defendant specifically identified that he could not register these firearms because he is a convicted felon. *Id.* at ¶17.

In July of 2021, the defendant's scheme escalated to a "package deal" which included selling methamphetamine in addition to firearms. *Id.* at ¶22. Specifically, the defendant sold a pound of methamphetamine on a nearly monthly basis in addition to the firearms between June and December of 2021. In total, the defendant sold six pounds of methamphetamine and fourteen firearms, including multiple AR-15-style machine guns.

## III.  SENTENCING GUIDELINES CALCULATION
### A.  Criminal History

The defendant has four criminal history points and is in a Category III. Pursuant to USSG §4A1.1(b), each sentence of imprisonment of at least sixty days but no more than one year and one month scores two criminal history points. The PSR reflects that the defendant has two prior convictions where he served a sentence of imprisonment over sixty days. This includes a 2011 conviction for second degree robbery, for which the defendant received a sentence of 120 days' imprisonment, and a 2013 conviction for possession of marijuana for sale, for which the defendant received a sentence of 365 days' imprisonment. The government agrees that the PSR accurately calculated the defendant's criminal

history, and he should receive two points for each of these convictions because he received a sentence of imprisonment over sixty days.

The defendant contends that he should not receive two criminal history points for his 2013 conviction because marijuana possession for individual use is now legal in California. This argument is inapposite because the defendant was not convicted of possessing marijuana for personal use. Further, the argument ignores the fact that possession of marijuana for sale, which the defendant committed, is still unlawful in California and could carry a sentence of incarceration over sixty days. *See* California Health & Safety Code §11359(b) whoever "possesses cannabis for sale shall be punished by imprisonment in a county jail for a period of not more than six months or by a fine of not more than five hundred dollars ($500), or by both such fine and imprisonment." The defendant received a sentence of incarceration over sixty days. Therefore, he should receive two criminal history points for that conviction and the PSR's calculation is correct.

### B. Offense Level Calculation

In its plea agreement, the government and the defendant agreed that the adjusted offense level is 31. Accordingly, the government is bound by its plea agreement calculation.

### IV. GOVERNMENT'S SENTENCING RECOMMENDATION

The United States Sentencing Guidelines serve as "the starting point and the initial benchmark" of any sentencing process and are to be kept in mind throughout the process. *See United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008); *see also United States v. Kimbrough*, 522 U.S. 85, 108 (2007). The overarching goal of sentencing, as set forth by Congress, is for the Court to "impose a sentence sufficient, but not greater than necessary." *Carty*, 520 F.3d at 991 (citation omitted). In accomplishing that goal, the Court should consider the factors set forth under 18 U.S.C. § 3553(a), which include:

- the nature and circumstances of the offense and the history and characteristics of the defendant;

- the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

- the need for the sentence imposed to afford adequate deterrence to criminal conduct; and
- the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

In contemplation of these factors, the government recommends a sentence of 135 months. This is the low end of the guideline sentencing range for an offense level 31 and a criminal history category III. Such a sentence is necessary to reflect the seriousness of the offense and to provide specific deterrence in light of the defendant's criminal history.

The defendant committed an incredibly serious offense where he sold dangerous weapons with the knowledge that those firearms could be provided to convicted felons. In addition to the inherent dangerousness of the weapons, the defendant then sold pounds of methamphetamine which could have been further distributed in the community. Within the span of only six months, the defendant trafficked fourteen firearms including untraceable AR-style machine guns. The defendant's conduct clearly disregarded the boundaries of the law because he knew that he could not possess firearms because he is a convicted felon and instructed the UC on how the firearms could be registered to evade law enforcement detection.

Adding to the troublesome nature of the offense is the defendant's willingness to expose his family to this conduct by recruiting his brother to this offense. The defendant often referenced that his "guy" could handle some of the firearm and methamphetamine transactions and sent his brother to meet with a UC.

A sentence of 135 months adequately accounts for the seriousness of the offense, deters future conduct, and protects the public from the defendant. This sentence is sufficient but not greater than necessary to account for fourteen firearms and six pounds of methamphetamine distributed at the hands of the defendants. For the same reasons, the Court should impose a five-year term of supervised release with the search condition agreed to in the plea agreement and the other special conditions recommended by Probation.

## V. CONCLUSION

For the foregoing reasons, the United States recommends that the Court sentence the defendant to 135 months' imprisonment and five years of supervised release.

                                          Respectfully submitted,

                                          STEPHANIE M. HINDS
                                          United States Attorney

                                          */s/Hillary T. Irvin*
                                          HILLARY T. IRVIN
                                          Assistant United States Attorney